# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MARIO KEITH VANPELT**　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #119581**

v.　　　　　　　Case No. 1:11-cv-00019-KGB-BD

**JACK OXNER, et al.**　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

　　　　The Court has received the Recommended Disposition ("Recommendation") filed by Magistrate Judge Beth Deere (Dkt. No. 165). After careful review of the Recommendation and the timely objections filed by defendants Corizon, LLC, Christi Taylor, Marybeth Floyd, Dr. Don Ball, and Quibble Butler (the "Medical Defendants") (Dkt. No. 166), including a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in its entirety. The Court grants Jack Oxner and James Guynes's (the "County Defendants") motion for summary judgment (Dkt. No. 149) and dismisses with prejudice Mr. Vanpelt's claims against the County Defendants. The Court grants Mr. Vanpelt's motion for voluntary dismissal of the Medical Defendants (Dkt. No. 162) and dismisses without prejudice his claims against the Medical Defendants. The Court denies as moot the Medical Defendants' motion for summary judgment (Dkt. No. 152).

　　　　The Court writes separately to address the Medical Defendants' request that, should Mr. Vanpelt refile his claims, the Medical Defendants be granted their costs and

attorney's fees, as allowed under Federal Rule of Civil Procedure 41(d). Rule 41(d) provides that,

> [i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceeding until the plaintiff has complied.

The Court recommends that, should Mr. Vanpelt refile his claims, the court in which he refiles address the Medical Defendants' request for costs and attorney's fees under Rule 41(d), should the Medical Defendants renew their request at the time of refiling.

Also before the Court is the Medical Defendants' motion for enforcement of order (Dkt. No. 169). By prior Order, Judge Deere held that Mr. Vanpelt must reimburse the Medical Defendants for their costs associated with the preparation of the motion for sanctions (Dkt. No. 148). Judge Deere's prior Order remains in effect. Given the current procedural posture of this matter, the Court denies as moot the Medical Defendants' pending motion for enforcement of order.

IT IS SO ORDERED this the 19th day of August, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE